GEORGE POLLECK ET AL., PLAINTIFFS-APPELLANTS, v. HOME INSURANCE COMPANY OF NEW YORK, AND NIAGARA FIRE INSURANCE COMPANY OF NEW YORK, DEFENDANTS-RESPONDENTS.

Argued May 19, 1938—Decided September 16, 1938.

For the appellants, *Joseph T. Lieblich* and *William A. Hegarty*.

For the respondents, *Arthur T. Vanderbilt* and *Marshall Crowley*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. These are appeals from two judgments of nonsuit in a consolidated action on policies issued to appellants by the respondents on August 9th, 1932, covering a period of three years.

The insured buildings were destroyed by fire on June 16th, 1935.

Both policies contained this provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee-simple * * *."

Admittedly there were no such endorsements upon the policies.

It is said that the appellants on August 5th, 1932, entered into a contract for the purchase of the property in question. This contract is included in the state of case, but improperly. A gesture of offer was made but not pursued, but this is immaterial.

On September 1st, 1932, there was delivered to appellants a deed for the premises subject to a reservation to the grantors of mine rights therein and thereon.

The trial judge directed the nonsuits solely upon the ground that the appellants did not have a fee-simple title to the lands upon which the insured buildings were located at the time of making the contracts of insurance.

Counsel for appellants say in their brief "It is apparent that *I* have rested this appeal upon two propositions: 1. The deed, *Exhibit P-8,* conveys an estate in fee-simple. 2. That the test of liability with respect to a violation of the covenant of the policy, is the time of the loss and not the time of the issuance of the policy."

The law of this state as to the second of appellants' foregoing quoted propositions is definitely settled by this court, adversely to them by *Vozne* v. *Springfield Fire and Marine Insurance Co.,* 115 *N. J. L.* 449.

Concededly the plaintiffs, from the record before us, had no title to the premises at the time of the issuance of the policies and the trial judge did not err in directing nonsuits under the authority of that case.

The judgments are affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.